UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE MANUEL PRIETO-ROMERO,

    Petitioner,

    v.

A. NEIL CLARK, *et. al.*,

    Respondents.

Case No. C06-786RSL

ORDER DENYING
MOTION TO DISMISS

## I. Introduction

This matter comes before the Court on petitioner Jose Manuel Prieto-Romero's "Petition for a Writ of Habeas Corpus" (Dkt. # 4) and on the Government's motion to dismiss (Dkt. # 15). Petitioner challenges the lawfulness of his continued detention without bond under section 236 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226. He also argues that his detention violates the Due Process Clause of the United States Constitution. Respondents contend that petitioner is being held under section 241 of the INA, 8 U.S.C. § 1231, and his detention under this provision is lawful.

The Court, having reviewed Prieto-Romero's habeas petition, respondents' motion to dismiss, the Report and Recommendation ("R & R") of United States Magistrate Judge James P. Donohue, petitioner's objection to the R & R, and the remaining record, adopts the R & R's statement of the facts and the R & R's conclusion that petitioner is being held pursuant to INA §

ORDER DENYING MOTION TO DISMISS - 1

236(a). The Court writes a separate order to address petitioner's statutory and constitutional challenges to his continued detention.

## II. Background

Petitioner is a native and citizen of Mexico, who has been detained by U.S. Immigration and Customs Enforcement ("ICE") since February 23, 2005. The Board of Immigration Appeals ("BIA") ordered petitioner removed after two hearings before an Immigration Judge ("IJ"), and affirmed the IJ's decision to deny release on bail. Petitioner appealed his removal, which is currently pending before the Ninth Circuit. The official website for the Ninth Circuit Court of Appeals explains that oral arguments are usually scheduled 9-12 months after briefing is completed, and that most final orders are issued between three and twelve months after oral argument.[1] Petitioner's opening brief was due February 12, 2007.[2] <u>Prieto-Romero v. Gonzales</u>, No. 05-75747 (9th Cir. Nov. 14, 2006).

## III. Discussion

Petitioner contends that his two-year detention pursuant to INA § 236 is unlawful under the Supreme Court's decision in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). In <u>Zadvydas</u>, the petitioner challenged his continued detention where removal was impracticable because no country would accept him. The Supreme Court held that INA § 241, which permits detention of removable aliens beyond the 90-day removal period, does not permit indefinite detention.[3] 533 U.S. at 689-697 ("if Congress had meant to authorize long-term detention of unremovable aliens, it certainly could have spoken in clearer terms."). The Court explained that "once removal is no

---

[1] <u>See</u> <u>The Most Frequently Asked Questions of the U.S. Court of Appeals for the Ninth Circuit</u> (Oct. 1, 2006), http://www.ca9.uscourts.gov/ca9/Documents.nsf/519a025470af2daf88256406008016b7/c2d588851a79dc2f8825679200709f20/$FILE/faq2006.pdf.

[2] Respondents' answering brief is due March 14, 2007, and the reply brief is due 14 days later. <u>Prieto-Romero v. Gonzales</u>, No. 05-75747 (9th Cir. Nov. 14, 2006).

[3] INA § 241 provides that an alien may be detained beyond the 90-day removal period if the Government determines the alien "to be a risk to the community or unlikely to comply with the order of removal." INA § 241(a)(6).

ORDER DENYING MOTION TO DISMISS - 2

longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. It further held that detention remains presumptively reasonable for sixth months. Id. at 701.

Petitioner argues that he should be released on bail because his removal is not reasonably foreseeable. He has been detained beyond the presumptively reasonable six-month period, and the Ninth Circuit proceedings will continue for at least another twelve to twenty-four months, after which his case may be remanded to the BIA for further proceedings. He also argues that his petition for review raises a "substantial claim," and if successful in the Ninth Circuit, his removal will never occur. However, as the Government points out, if the Ninth Circuit rules against petitioner, he is immediately removable to Mexico.

Petitioner relies on two recent Ninth Circuit decisions for the proposition that prolonged detention pending appeal can amount to indefinite detention under Zadvydas. In Nadarajah v. Gonzales, 443 F.3d 1069, 1080 (9th Cir. 2006), the Ninth Circuit found the five-year detention of a refugee whose case was pending before the Attorney General to be unreasonable. Similarly, in Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005), the court ordered an Immigration Judge to release the petitioner on bail unless the Government could prove he was a flight risk or a danger to the community where he had been detained pending appeal for two years and eight months under INA § 236(c).[4]

The Court acknowledges that petitioner's detention has been lengthy. However, unlike Nadarajah, the length of his detention is not due to the Attorney General's significant delay, but rather to a judicial process that takes time. Additionally, unlike Tijani, petitioner is not being held under INA § 236(c), and he received two bond hearings before an Immigration Judge. More importantly, unlike Zadvydas, petitioner's detention has a definite end-point. When the Ninth Circuit decides his case he will most likely be released or removed. If his case is remanded to the BIA, he can seek relief at that time if appropriate. For these reasons the Court

---

[4]Unlike section 236(a) under which petitioner is detained, section 236(c) is not discretionary, and requires mandatory detention.

ORDER DENYING MOTION TO DISMISS - 3

finds that petitioner's detention is not indefinite. This conclusion is consistent with Judge Martinez's decision in <u>Beqir v. A. Neil Clark</u>, No. CV-05-01587-RSM (W.D. Wash. June 6, 2006), <u>affirmed by</u> No. 06-35590, 2007 WL 201108 (9th Cir. 2007) (unpublished); <u>see</u> also <u>Soberanes v. Comfort</u>, 388 F.3d 1305, 1311 (10th Cir. 2004) ("detention is clearly neither indefinite nor potentially permanent ... it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point ....").

Turning to petitioner's constitutional challenge, the Court finds that petitioner was not afforded adequate Due Process at his prior bond hearings. Pursuant to INA § 236(a), the Government has discretion to decide whether an alien should be detained, released on bond, or released on conditional parole upon a finding of flight risk and danger to the community. Factors to be considered include: (1) the nature and number of disciplinary infractions received while incarcerated or detained; (2) the nature and severity of criminal convictions, sentences imposed, parole history, recidivism, and other criminal history; (3) psychiatric and psychological reports; (4) evidence of rehabilitation; (5) favorable factors including ties to the United States; (6) prior immigration violations; (7) flight risk, including history of escapes and failures to appear; and (8) other information that is probative of whether the alien is likely to endanger the community or violate his or her release conditions. 8 C.F.R § 241.4(f). This Court has previously concluded that Due Process requires an immigration judge to "actually consider" these factors "and explain how they apply to each petitioner's unique circumstances." <u>Phan v. Reno</u>, 56 F. Supp. 2d 1149, 1157 (W.D. Wash. 1999).

There is no indication that the IJ considered all the relevant factors when denying petitioner's release, and the IJ did not explain to petitioner how each factor applied to his case. Rather, the IJ denied release based on his determination that petitioner "is appropriately charged as an aggravated felon and he is not eligible for relief and as such constitutes a flight risk." ® & R at p. 11). Because the IJ did not consider all the relevant factors provided in 8 C.F.R § 241.4(f), the Court finds that petitioner did not receive adequate procedural protections at his prior bond hearings.

ORDER DENYING MOTION TO DISMISS - 4

The Court therefore concludes that petitioner's case should be remanded to an Immigration Judge to make an individualized determination within 90 days whether the petitioner poses a flight risk or a danger to the community.[5]  The Court instructs the IJ, consistent with <u>Phan v. Reno</u>, to consider all the factors relevant to discretionary detention under INA § 236(a), and to explain how these factors apply to Prieto-Romero's case.  The IJ may not simply conclude that petitioner is a flight risk based on his prior conviction.  Consistent with 8 C.F.R § 241.4(d)(1), petitioner will bear the burden of proof at the hearing.

### IV.  Conclusion

For the foregoing reasons, the Court DENIES respondents' motion to dismiss.  The Court REMANDS petitioner's case to the Immigration Judge to make an individualized determination as to whether petitioner is a flight risk or a danger to the community.  The parties shall file a joint status report with the Court within 90 days of the date of this order explaining what action has been taken and its outcome.  The joint status report shall also include a copy of the written decision issued by the IJ.

DATED this 16th day of February, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[5] The Court acknowledges that this review may coincide with ICE's annual file review.  If the IJ releases petitioner, ICE's file review shall not be necessary.  Likewise, if ICE releases petitioner before the IJ hearing, the hearing shall not be necessary.

ORDER DENYING MOTION TO DISMISS - 5